ROBELEN & COMPANY vs. NATIONAL BANK OF WILMINGTON AND BRANDYWINE, and ALFRED S. HURLOCK, Bailiff.

New Castle County, February Term, 1895.

**Landlord and Tenant. Distress.**—A landlord may distrain personally upon the goods of his tenant, to recover rent, or he may empower a bailiff to do so for him.

**Same.**—If the goods of a stranger are upon the demised premises at the time the distraint is levied, the bailiff may take the same and sell them.

**Same.**—But if, before the distraint is levied, the stranger having property upon the demised premises, removes that property off those premises, it is then no longer subject to a lien for rent and cannot be followed.

**Same. Highway.**—The pavement or street in front of a house is not of such a nature as to be demised to the tenant by the landlord, and a stranger's goods placed

thereon are severed from the demised premises, and in such case they cannot be taken under a landlord's distress warrant.

**Evidence.**—Where there is such a diversity of testimony that it cannot be reconciled by the jury, they are to take into consideration the relative positions of the parties with regard to the transactions, their connections therewith, their means of knowledge, the opportunities each had of best knowing and the interests of the parties; and give weight to that testimony, which in their minds is the strongest.

**Landlord and Tenant.**—The demised premises are the premises occupied by the tenant as delivered to him by the landlord to be used for specified purposes.

This was an action of replevin for a piano and stool, the facts of which sufficiently appear in the charge of the court.

*Nields,* for the plaintiff. The statute under which this case is to be determined is the same as 11 Geo. II; Rev. Code 869, § 22. The description of the premises is found in §§ 21–23. The question here is whether the street is part of the demised premises. All the owner had a right to grant or demise was the lot or building; he could not demise the street until it was abandoned and he succeeded to the reversion. The demised premises are described as "No. 1 West Second street." The landlord must take possession; 3 Bla. Comm. 6; Tayl. Landlord & Tenant, § 568; 5 A. & E. Encyc. L. 708; *Dod vs. Monger,* 6 Mod. 215; he must go upon the demised premises; 3 Com. Dig. Distress 3. The king's highway was a place privileged from distress at common law and the statute of Marlebridge emphasized this law.

*Emmons,* for the defendant.

CULLEN, J., (charging the jury.)

This is an action of replevin brought by Robelen & Co. against the National Bank of Wilmington and Brandwine for the recovery of a piano and a stool. Under the pleadings the defendants avowed the taking of the property by reason of having a right to it. In other words, it amounting to a justification, which

in law constitutes really a declaration of their rights and constitutes them really the plaintiffs, the burden of proof rests upon them to show that they have a right to the property.

It appears from the facts, not disputed in this case, that on the 7th of June, 1892, the plaintiffs, Robelen & Co., contracted with one George W. Evans for the sale of a piano, according to contract which is produced in evidence here, the terms of which are therein set out; that the piano was delivered to Mr. Evans, first at a certain house, and finally carried into the house on the premises which had been demised to him by the National Bank of Wilmington and Brandywine, the defendants in this case.

It is contended on the part of the defendants that while the piano was on the premises, rent became due to the National Bank of Wilmington and Brandywine from George W. Evans, who was the tenant thereof; that for the purpose of recovery of the rent, they issued a distress. When rent is in arrears and due, the landlord has a right to distrain upon the property of the tenant, in order to make his money, not only has he a right to distrain upon the goods of the tenant, but also to distrain upon all the goods that are on the premises, even if they be the goods of a stranger, provided they are not goods that are left there in the way of trade or otherwise, as in the case of livery stables and some other matters detailed in the Act of Assembly. But, according to the law, where the goods of a stranger are on the demised premises at the time the distress is levied, then the landlord obtains the right and may take them and sell them. But if, before the distress is levied the stranger having property upon the demised premises removes that property then it is no longer subject to a lien for rent, nor can it be followed as can the goods of the tenant under the Act of Assembly.

The question then that comes up for you to decide in this case is, whether or not this piano and stool—which, it is not denied here, was the property of Robelen & Co.—were taken under and by virtue of that distress on the premises which had been occupied by George W. Evans as tenant under the National Bank of Wilmington and Brandywine.

A distress may be made by the landlord himself, who may go and distrain personally upon the goods of his tenant, or he may authorize and empower a bailiff to do that for him.

Although all the facts relative to the same have not been brought out very clearly, yet proof has been offered here which is not denied, that the defendant in this case took out a distress warrant, placed it in the hands of a constable, and that he (the constable) destrained upon (among other goods of the tenant, George W. Evans) a piano and a piano stool. It is alleged on the part of the defendants in this case that the goods were upon the premises at that time. Now here comes in a conflict of testimony. This paper, a warrant of distress, was issued on the 26th day of March, 1894. It is alleged that on that day the warrant was executed by levying upon the goods; in other words, the seizing of the said piano. The taking of goods in distress may be an actual or a manual taking into possession, or it may be a constructive taking, that is, such a taking by the landlord or officer as amounts to a constructive possession or putting the goods in what is called " *custodia legis*."

The plaintiff contends that the time of the taking of these goods by the defendant was the 23rd of March, 1894. The defendants contend that it was on the 26th of March, 1894. All the testimony that is presented to you refers to one and the same transaction. Now it is very material to decide that matter, for you will observe that this case hinges upon that fact. If it was on the 23d, then of course they had no right to take the said piano, because they had no distress warrant under which they could take it. If it was upon the 26th, then of course they had a writ under which they could take the said piano, provided it was then on the demised premises. Under those circumstances they would have a perfect legal right to take it. As to the testimony given to you upon that matter, it rests entirely with you to decide. There is a great diversity of testimony. There is positive testimony on both sides. The witnesses for defendants for instance, swear positively that the taking of this piano by Robelen & Co. was on the 26th of March,

1894, and that the defendant went there immediately after obtaining the writ through the constable, and levied upon the piano. In other words, that they made a legal seizure of the goods. It is contended by the plaintiffs equally as positively that it was not on the 26th, but that is was on the 23rd of March, 1894, when you will observe from the proof in this case there could have been no distress warrant issued, because the record shows it was on the 26th that the writ was issued.

Where there is a diversity of testimony, it is your duty in the first place to reconcile the same if you can. If you cannot reconcile the testimony, but if it is of such a conflicting nature that it is impossible to be reconciled, then you are to take into consideration the relative position of the parties with regard to the transactions, their connection therewith, their means of knowledge, and the opportunities each had of best knowing, as well as the interest of the parties; and you are to give weight to that testimony which, in your mind, is the strongest. In other words to the preponderance of testimony.

If therefore, you should be satisfied and find that the service of this distress warrant was upon the 26th when at the same time the taking of the piano was on the 23rd of March, 1894, then as a matter of course the defendants could not recover in this case, because they had no writ which they could execute on the 23rd. So the whole case will turn upon that matter as to whether they levied upon these goods on the 23rd or the 26th of March. You have heard the testimony given, and you must give weight to the testimony, under the rule I have mentioned, and decide accordingly.

There is another question relative to which we have been asked to charge you in this case, and that is as to what constitutes the *premises*. You will notice that the words of the act of Assembly are that distress will lie for all the goods and chattels upon the demised premises. The demised premises are the premises occupied by the tenant as delivered to him by the landlord to be used for specified purposes. You have heard the evidence which has

been offered here as to whether the goods when taken were in the house or on the pavement. Now if the piano was on the demised premises at the time it was levied upon, then as a matter of course this levy holds and the defendants would have a right to recover. But if it was severed from the premises; in other words, if the piano, according to the testimony, was sufficiently proved to you to be out upon the pavement then we say to you that the streets of the city or the pavement in front of a house which the city is compelled to keep in order and for which the city is liable for any injury which may occur thereon—are not of such a nature and character as to be rented by the tenant. Even though it is true that where a railroad is laid out through a man's land—unless he deeds the land—the road merely acquires an easement to pass through it, the same being true with reference to a road laid out by act of Assembly that passes through your land ; that road is nothing but an easement, and in case the road is ever closed up or done away with you are not deprived of the fee, but the fee reverts back. But at the same time, the right to use the road, the easement, belongs to the party for whose benefit it has been laid out. So with regard to the public streets.

Then if this levy was made either on the 23d or 26th of March, 1894, and this piano belonging to Messrs. Robelen & Co. was off the premises, the defendants had no right to make a distress upon it, and in such case you could not find anything by way of damages as against the piano.

With reference to the stool in this case this suit was brought for the recovery of a piano and stool. It does not appear that there has been any evidence to show that the piano stool, which has been alleged to be worth five dollars was ever removed from the premises. It was not on the pavement, but was in the house, and therefore the piano stool was legally levied upon under and by virtue of that distress, and therefore we would say to you in that case, the judgment being for the balance of the rent, the defend-

ants would be entitled to a verdict for five dollars, the value of the stool, as applicable to the rent, which is in arrears and not paid.

*Verdict for plaintiff for six cents and costs.*